## TORREY *versus* CORLISS.

A contract, legally made in another State, may be enforced in this State, although a similar contract, if made in this State, would have been illegal.

A statute is not to have a retroactive effect, unless it clearly express that intention.

The Act of 1851, chap. 211, "to suppress drinking houses and tippling shops," does not contain any such clearly expressed intention, and its operation can be *prospective* only.

ASSUMPSIT, upon two promissory notes and upon two accounts.

The plaintiff resided in Boston, and was a dealer in spirit-

uous liquors and groceries, and used to furnish such goods to the defendant, who resided in Bangor, and who there sold such liquors, without any license. The plaintiff, when occasionally at Bangor, several times told the defendant that, on receiving orders for goods, he would supply and forward them. Accordingly the defendant several times sent orders, and the goods were forwarded. In August and also in November, 1847, they settled the accounts, and the defendant, at each of those settlements, gave his note for a balance. The settlements were made and the notes given in Boston. A part of the consideration of each note was spirituous liquor. These are the notes now in suit.

In November, 1847, the plaintiff delivered some other goods, of the same sort, on account, to the defendant in person at Boston, and in February, 1848, a further account of the same kind had accrued.

These are the two accounts now in suit. They each contained some items of credit.

The case was submitted to the Court for such disposition as the law should require, with power to draw inferences of fact.

*Blake,* for the plaintiff.

*Sanborn,* for the defendant.

1. The sale was injurious to the people and to the interest of the State. Such contracts are not to be enforced. Story's Confl. of Laws, sect. 244, 252, 348—351 ; *Greenwood* v. *Curtis,* 6 Mass. 376 ; *Blanchard* v. *Russell,* 13 Mass. 1, 6 ; *Prentiss* v. *Sawyer,* 13 Mass. 22, 24.

2. The sale was against good morals. *Ex turpi causa non oritur actio.* Story's Confl. of Laws, sect. 244, 245 ; *Armstrong* v. *Toler,* 21 Wheat. 358, 360. Plaintiff knew the defendant bought the liquor to be sold to citizens of Maine.

3. Plaintiff knew the defendant had no license, and thus, purposely furnished him the means of transgressing the laws of this State. Story on Confl. of Laws, sect. 253, p. 379 ; *Lightfoot* v. *Tenant,* 1 Bos. & Pul. 351, 356 ; *Langton* v.

*Hughes*, 1 Maule & Selw. 593 ; *Canaan* v. *Brice*, 3 Barn. & Adolph. 179, 181 ; *Catlin* v. *Bell*, 4 Campb. 183 ; *Terrill* v. *Bartlett*, 21 Verm. 184 ; *Case* v. *Ricker*, 10 Verm. 282.

4. ,The action is barred by the statute of 1851, for the suppression of drinking houses and tippling shops. Chap. 211, sect. 16. This statute was clearly intended to act retrospectively, and to affect actions pending, as well as future actions. Sect. 16 and 18. *Hastings* v. *Lane*, 15 Maine, 134 ; *Thayer & al.* v. *Seavey*, 11 Maine, 284 ; *Whitman* v. *Hapgood*, 17 Mass. 464 ; *Oriental Bank* v. *Freeze*, 18 Maine, 109 ; *Satterlee* v. *Matthewson*, 1 Peters, 413 ; *Watson* v. *Mercer*, 8 Peters, 110 ; *Bennett* v. *Boggs*, 1 Bald. 74 ; *Charles River Bridge* v. *Warren Bridge*, 11 Peters, 420.

The gentleman speaks of the Act of 1851, as unconstitutional. But it is not so. It disturbs no vested rights of the plaintiff. He never had a right to recover for the liquors in this State. It impairs no obligation of a contract. It only changes the remedy from the Courts of this State to those of Massachusetts, or of the United States.

5. No recovery can be had by the plaintiff, because the liquors were sold to the defendant, not in Boston, but in Bangor. They were ordered by the defendant at and from Bangor, without any direction by whom they should be sent, and the plaintiff shipped them upon that order. The sale then was not completed, till they were delivered to the defendant at Bangor. 2 Kent's Com. sect. 39, p. 500 ; *Terrill* v. *Bartlett*, 21 Verm. 184 ; *Case* v. *Ricker*, 10 Verm. 282 ; Story on Confl. of Laws, sect. 252.

For these liquors sold by plaintiff, and delivered to defendant at Bangor he cannot recover, nor can he maintain this action on the accounts in which the liquors are charged, though they contain other articles of merchandize. See Laws of Maine, 1846, chap. 205, sect. 10.

Large payments have been made by defendant to plaintiff, and these should be appropriated towards payment for the other articles of merchandize, which the plaintiff had a lawful right to furnish.

SHEPLEY, C. J. — It appears from the agreed statement and the documents referred to, that the notes were made in part payment for bills of goods containing more or less of spirituous liquors, and the accounts contain goods of a like character.

The testimony does not prove, that any of the goods were sold in this State. It only shows, that the plaintiff offered to sell, whenever application was made to him by the defendant.

When a purchaser orders goods to be sent to him, a delivery to a person named or to a common carrier authorized to receive them for his use is a delivery to him, and the sale and purchase is completed. *Barry* v. *Palmer*, 19 Maine, 303·; *Wing* v. *Clark*, 24 Maine, 366.

These goods were sold in Massachusetts, and there is no proof, that the sale was not legal by the laws of that State.

There is proof, that the defendant was a dealer in spirituous liquors and other goods in Bangor without license. There is no proof, that the plaintiff knew, that he had no license, or that the liquors were purchased to be sold in violation of the laws of this State, although he knew, that the defendant was a dealer in spirituous liquors.

The contracts having been legally made in the State of Massachusetts may be enforced in this State, where by its laws it would have been illegal. *Holman* v. *Johnson*, Cowp. 341; *Hodgson* v. *Temple*, 5 Taun. 181; *McIntire* v. *Parks*, 3 Metc. 207.

The Act of June 2, 1851, passed while this action was pending, contains the following provision. — " And no action of any kind shall be maintained in any Court in this State, either in whole or in part for intoxicating or spirituous liquors sold in any other State or country whatever, nor shall any action of any kind be had or maintained in any Court in this State for the recovery or possession of intoxicating or spirituous liquors or the value thereof."

Statutes are not to be construed to have a retrospective effect, unless the intention to have them so operate is clearly expressed. *Hastings* v. *Lane*, 15 Maine, 134.

There can be no doubt, that most of the provisions of that Act were not intended to act retrospectively. When words which, if disconnected from the context, might be suited to operate retrospectively, are found in a section, the general provisions of which are clearly prospective, such words should be considered as partaking of the general character of the enactment, unless a different purpose be disclosed. There is nothing in the Act indicating, that all its provisions were not intended to operate prospectively.

Before its passage the sale of intoxicating liquors in this State by license was legal; and if the provisions alluded to were construed to have a retrospective operation, it would prevent the maintenance of any action for such liquors or their value, when they had by our laws been legally sold and delivered. An intention to punish a person for having acted legally at the time is not to be imputed to a legislative body, unless it be very clearly expressed.

*Defendant defaulted.*